UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LUIS LOUIO-CAPO,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX, *et al.*,<br>Respondents. | Case No. 1:26-cv-06349 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Frank Luis Louio-Capo is detained at the California City Immigration Processing Center pending his deportation from the United States pursuant to a final order of removal. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing his immediate release from immigration custody. *See* Dkt. No. 1. He argues that his detention—which has now surpassed six months—has become unconstitutionally prolonged because there is no likelihood of his removal in the reasonably foreseeable future. *Id*. at 13–14, 21–22. Respondents oppose relief, contending that Petitioner's continued detention is lawful under 8 U.S.C. § 1231(a)(6). *See* Dkt. No. 9 at 2–4.

The Court concludes that Petitioner's detention has become impermissibly prolonged, entitling him to release from detention. This is an uncomfortable result given Petitioner's criminal record, but it is required by law. The ruling is stayed for 14 days to give Respondents the opportunity to return Petitioner to the custody of local law enforcement if appropriate, as it appears that local law enforcement transferred Petitioner to the custody of Respondents after arresting him on several crimes.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner was ordered removed to Cuba *in absentia* on May 5, 2016 for failing to attend his removal hearing. *Id*. at 99. Petitioner moved to reopen his immigration proceedings sometime thereafter, and the Immigration Court denied the motion on August 18, 2016. *Id*. at 101. Neither the denial of the motion to reopen, nor the initial removal order appears to have been appealed. Accordingly, Petitioner has had a final order of removal in place for the last ten years. *See* 8 C.F.R. § 1241.1(c) ("An order of removal … shall become final: [] Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

Despite being ordered removed many years ago, Petitioner has remained in the United States. Records submitted by Respondents further indicate that he has had several criminal convictions over the last few decades, including convictions for armed burglary, dealing in stolen property, grand theft, and criminal mischief. Dkt. No. 9 at 8. He was taken into custody by ICE on or around March 11, 2026 following an arrest for grand theft and a probation violation. *Id*. at 8, 103. Neither party has indicated whether any charges resulted from the arrest or if a criminal case is still pending against him.

Despite being detained for over six months, Respondents have not been able to effectuate Petitioner's removal to Cuba. Indeed, Petitioner contends that Cuba will not accept his repatriation. Dkt. No. 1 at 21.

## II. DISCUSSION

Petitioner contends that his period of detention is unlawful as there is no likelihood of his removal in the reasonably foreseeable future. *See id*. at 21–22. Respondents oppose relief, arguing that Petitioner's continued detention is authorized under 8 U.S.C. § 1231(a)(6), but have offered no evidence with respect to the likelihood of Petitioner's removal. Dkt. No. 9 at 2–4. For the reasons that follow, the Court finds that Petitioner has made a sufficient showing under *Zadvydas v. Davis*, which Respondents have failed to rebut.

When a noncitizen "has been found to be unlawfully present in the United States and a

final order of removal has been entered," the Government must attempt to execute their removal "during a subsequent 90-day statutory 'removal period.'" *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001); *see* 8 U.S.C. § 1231(a)(1). During that 90-day period, the Immigration and Nationality Act requires the Government to detain the noncitizen. 8 U.S.C. § 1231(a)(2)(A). If the Government has not been able to remove the noncitizen at the conclusion of 90 days, then the removal period ends and the "statutory basis" for detention "shift[s] from § 1231(a)(2) to § 1231(a)(6)." *Diouf v. Mukasey*, 542 F.3d 1222, 1231 (9th Cir. 2008). And under § 1231(a)(6), the Government "'may' continue to detain an alien who still remains [in the United States] or release that alien under supervision." *Zadvydas*, 533 U.S. at 683 (quoting 8 U.S.C. § 1231(a)(6)). In other words, detention is permitted but not required after 90 days.

To determine whether detention pursuant to § 1231(a)(6) has become unconstitutionally prolonged, the Supreme Court has offered guidance to federal courts about how to assess the duration of detention. Up to six months, detention is to be treated as "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. But if after six months the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must then "respond with evidence sufficient to rebut that showing." *Id.* If the Government cannot rebut the showing, the noncitizen must be released. *See id.*

The first step of the analysis is met. Petitioner was arrested by ICE on or around March 11, 2026, and has remained in detention for over six months. *See* Dkt. No. 9 at 103. As such, his detention has surpassed the presumptively reasonable six-month period of detention.

The next step of the *Zadvydas* analysis requires Petitioner to offer "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Petitioner has not offered much on this point, and it is admittedly a close call. But taking into account the record in this case and the Court's obligation to liberally construe the arguments of pro se petitioners, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the Court concludes that Petitioner has made just enough of a showing to shift the burden to Respondents to rebut the presumption. Petitioner has not been removed in the over ten years since his removal

order became administratively final, and Respondents have not alleged that they were unaware of Petitioner's presence in the United States following the entry of his removal order in 2016.

Further, he claims that Cuba will not repatriate him. Dkt. No. 1 at 21. Indeed, he has now been detained for over six months and the Government has not been able to remove him to Cuba, or otherwise presented him with any evidence that Cuba will accept him.

Respondents have offered no rebuttal to Petitioner's *Zadvydas* claim. Rather, their response to the petition states, without analysis or citations, that "Petitioner has not provided evidence that he would be unremovable to a destination country because the destination country would not accept him or that his removal would be barred by our own laws." Dkt. No. 9 at 4. As explained above, however, Petitioner has stated that Cuba will not repatriate him. As Respondents have not offered any evidence to rebut Petitioner's showing, his petition is granted.

**III. CONCLUSION AND ORDER**

For the foregoing reasons, the Petition for Writ of Habeas Corpus, Dkt. No. 1, is GRANTED. The Court ORDERS Respondent to release Petitioner from detention on appropriate conditions of supervision, in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. As discussed earlier, this order is stayed for 14 days to give Respondents the opportunity to explore whether Petitioner should be returned to the custody of local law enforcement.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 9, 2026

VINCE CHHABRIA
United States District Judge